Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
David Shein (SBN 230870)
david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff Michael Grecco Productions, Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., d/b/a "Michael Grecco Photography", a California corporation<br><br>Plaintiff,<br><br>v.<br><br>TIME, INC., a Delaware corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff, Michael Grecco Productions, Inc. ("Plaintiff"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Michael Grecco Productions, Inc., d/b/a "Michael Grecco Photography", is a California corporation organized and existing under the laws of the state of California with its principal place of business at 3103 17th Street, Santa Monica, California 90405, and is doing business in and with the state of California.

5. Plaintiff is informed and believes and thereon alleges that Defendant Time, Inc., is a corporation organized and existing under the laws of the state of Delaware, and is doing business in and with the state of California.

6. Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the

facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

**CLAIMS RELATED TO PLAINTIFF'S PHOTOGRAPH**

8. Plaintiff's principal, Michael Grecco, is an award-winning commercial photographer noted for his iconic celebrity portraits, magazine covers, editorial images and advertising spreads.

9. Mr. Grecco created the photograph that is the subject of this dispute in or about August 28, 2000 and has titled it, 20000828_Breast_Pump_MGP_0001.psd (the "Photograph"). The Photograph is an original photograph composed by Mr. Grecco. Plaintiff is the owner of the Photograph which was registered with the United States Copyright Office before the infringement at issue. A true and correct copy of the Photograph is reproduced below:



10. Plaintiff is informed and believes and thereon alleges that Defendants, and each, own and operate a commercial news website at www.time.com, where they post stories on current events and popular culture.

11. Plaintiff's investigation revealed that Defendants, and each, were displaying the Photograph on their website, www.time.com (at www.healthland.time.com/tag/breast-pump/), without Plaintiff's authorization. Defendants do not have and never have had authorization to use the Photograph. A

true and correct screenshot of Defendants' infringing use of the Photograph on the www.time.com website is reproduced below:

**Pumping Sucks. New Breast Pump Aims to Make Expressing Milk Comfy**

By Bonnie Rochman @brochman | Dec. 28, 2010

Share | Like 61 | Tweet | G+1 0 | in Share 9 | Pin it | Read Later

No doubt, using a breast pump to express breast milk doesn't rank very highly on any woman's list of Fun Things To Do. The manual pumps can be downright painful; their motorized brethren tug at tender nipples, sucking them into hard plastic breast shields, releasing, then repeating the cycle over and over. Picture milking a cow, then subsitute a mom for the bovine.

When moms go back to work but want to maintain the same pace of breastfeeding, the pump is pretty



## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

12. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Photograph, including, without limitation, through viewing the Photograph on the World Wide Web.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, used and displayed the Photograph on www.time.com.

15. Plaintiff is informed and believes and thereon alleges that the photograph used by Defendants and shown hereinabove, uses the same elements, composition,

colors, arrangement, subject, lighting, angle, and overall appearance of the Photograph and is identical or at least substantially similar to the Photograph.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by copying the Photograph and publishing and displaying the Photograph to the public, including without limitation, on www.time.com, without authorization, and that Defendants, and each, continued and continue to display the Photograph despite having been put on notice by Plaintiff of the unauthorized nature of Defendants' uses.

17. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

18. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Photograph in an amount to be established at trial.

19. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each:**

With Respect to Each Claim for Relief:

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Photograph from their respective websites, catalogs, marketing and advertisement materials.

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. §1203, and other applicable law.

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Plaintiff be awarded its costs and fees under the statutes set forth above;

f. That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: February 14, 2017

By: *<u>/s/ David Shein</u>*

Stephen M. Doniger, Esq.
David Shein, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.