Stephen M. Doniger, Esq. (SBN 179314)
  stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
  scott@donigerlawfirm.com
David Shein (SBN 230870)
  david@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff
MICHAEL GRECCO PRODUCTIONS, INC.

Kelli L. Sager (SBN 120162)
  kellisager@dwt.com
Jonathan L. Segal (SBN 264238)
  jonathansegal@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa Street, Suite 2400
Los Angeles, California 90017-2566
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
TIME INC.
*Additional counsel listed on next page*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> TIME INC., *et al.*, <br><br> Defendants. | Case No.: 2:17-cv-01198-CBM (PLAx) <br> *Hon. Consuelo B. Marshall Presiding* <br><br> **JOINT RULE 26(f) REPORT** <br><br> Scheduling Conference: 6/20/2017 <br> Time:  10:00 a.m. <br> Courtroom:  8B |

# JOINT FED. R. CIV. P. 26(f) REPORT

By and through their attorneys of record, who are set forth below, the parties have prepared and hereby submit this jointly signed Scheduling Conference report following the conference of counsel required by Federal Rules of Civil Procedure 16(b) and 26(f), Central District Local Rule 26-1 this Court's Standing Order and its Order setting a Scheduling Conference.

## A. STATEMENT OF THE CASE

Plaintiff's Contentions

Plaintiff Michael Grecco Productions, Inc., d/b/a "Michael Grecco Photography" ("Plaintiff") is owned and operated by Michael Grecco, a Los Angeles-based professional photographer. As part of its business, Plaintiff creates photographs and receives copyright registrations for these works. This case concerns the infringement of one such photograph ("Subject Photograph"), by Defendant Time Inc. ("Time"). Specifically, the Complaint alleges that Time used and displayed an image of the Subject Photograph, and exploited said image on Time's website without Plaintiff's authorization or consent.

This Action and Plaintiff's Demand for Jury Trial were filed on February 14, 2017.

Defendant's Contentions

Time publishes numerous news and entertainment magazines and websites. On or about December 28, 2010, Time published an article on the Internet entitled "Pumping Sucks. New Breast Pump Aims to Make Expressing Milk Comfy." The article included the Subject Photograph, for which Time believes it obtained a license to use. Because Plaintiff did not object to the use of the Subject Photograph for close to <u>seven years</u>, Time is having to search for records from this time period.

At this stage, Plaintiff has not established that it owns, or timely and properly registered, the Subject Photograph.  But assuming Plaintiff can meet its burden of proving ownership, and even if it is able to meet its burden of establishing liability for infringement, any provable damages will be negligible, given that the article that included the Subject Photograph was reviewed by only a small percentage of individuals who visited the Time website (and Plaintiff cannot recover any actual damages for the first four years of Time's publication, because of its lengthy delay in filing this lawsuit).  No advertising or other revenues can be directly attributed to the publication of the Subject Photograph, nor can any advertising revenue for the site conceivably be attributed to its presence on the site in the last three years.  Finally, because Time has a good-faith belief that it lawfully obtained a license to the Subject Photograph, and given that Plaintiff failed to notify Time or make any claim about the publication of the Subject Photograph until seven years after it was posted, the possibility of statutory damages for willful infringement is foreclosed.  At best, Plaintiff would be entitled to the minimal amount of statutory damages, and should not be awarded any fees for bringing this lawsuit.

### B. SUBJECT MATTER JURISDICTION

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*.  Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### C. LEGAL ISSUES

Plaintiff's Contentions

Plaintiff contends that the legal issues will concern its copyright infringement claims against Time as well as issues concerning heightened damages for willful infringement are also present.

Defendant's Contentions

Time anticipates that legal issues will include: 1) whether Plaintiff has lawful ownership of the Subject Photograph, 2) whether Plaintiff properly registered the Subject Photograph, 3) whether Time obtained a valid license for the Subject Photograph, and possibly, 4) whether Plaintiff exercised due diligence in discovering infringement, and (5) limitation of damages due to the three-year statute of limitations and Plaintiff's eligibility for statutory damages and attorneys' fees.

### D. RANGE OF PROBABLE DAMAGES

Plaintiff's Contentions

Plaintiff will likely seek statutory damages in this case, but reserves the right to elect the same until time of trial. Assuming a finding of willful infringement, Plaintiff will be entitled to damages of up to $150,000 per infringement. If infringement is not willful, Plaintiff will seek damages of up to $30,000 per infringement. Plaintiff will also seek to recover its costs and attorneys' fees.

Defendant's Contentions

Because Time contends that it holds a license to the photo at issue, it does not believe that any damages are appropriate. In the event it does not hold a valid license, it contends that Plaintiff would be entitled to a reasonable license fee, not to exceed $2,500.

### E. LIKELIHOOD OF ADDITIONAL PARTIES

The parties are Plaintiff Michael Grecco Productions, Inc., and Defendant Time Inc.

Should Time reveal in Initial Disclosures or discovery responses any parties who used the Subject Photograph without Plaintiff's authorization, Plaintiff will move to add such entities as parties to this action in place of Doe Defendants.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

Time does not expect that additional parties will be added, but reserves the right to join additional parties for indemnification purposes.

### F. MANUAL FOR COMPLEX LITIGATION

The parties do not believe any parts of the manual should be utilized.

### G. DISCOVERY

The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and potentially entering into an appropriate stipulated protective order.

Written Discovery:

Plaintiff:

Plaintiff anticipates propounding an initial round of written discovery to be propounded by June 15, 2017. Follow-up written discovery and conferring over and otherwise resolving any discovery disputes should be completed by the end of late September 2017.

Plaintiff anticipates seeking regarding, *inter alia*, Time's obtainment of the offending image, all uses Time made of the offending image, what rights or permissions it believed it received for the uses, its policies and practices regarding its use of photographs in its magazines and other media, what steps it took upon receipt of notice of the infringement claim by Plaintiff, and what revenues were earned from the Time's use(s) of the offending image and what revenue streams in general Time has.

Defendant:

The primary issues to be explored by Time in discovery will be: 1) Plaintiff's alleged authorship of, copyright ownership in, and timely registration of the Subject Photograph; 2) Plaintiff's diligence in uncovering the alleged infringement 3) the licensing of the Subject Photograph by Plaintiff; and 4) the value of licenses entered into by Plaintiff.

Time plans to propound an initial round of written discovery by June 28, 2017 and plans for written discovery to be completed prior to taking deposition in September 2017.

Depositions:

The parties anticipate that each party's PMK will be deposed. To the extent Time claims to have a license to use the Subject Photograph, Plaintiff anticipates deposing the party Time may identify as having granted the license.

The parties anticipate taking depositions in September 2017 after the completion of an initial round of written of written discovery and any follow up to that discovery.

The parties agree to meet and confer over electronic discovery issues at the time any such disputes arise, including the form or production of electronic information and scope of any such electronic discovery.

The parties agree to exchange initial disclosures via e-mail on June 20, 2017.

The parties propose a global discovery cutoff date of December 5, 2017.

## H. MOTIONS

Plaintiff's Contentions

Should Defendant reveal in Initial Disclosures or discovery responses any parties who used the Subject Photograph without Plaintiff's authorization, Plaintiff may move to add such entities as parties to this action in place of Doe Defendants. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants. Plaintiff anticipates filing a Motion for Partial Summary Judgment for liability as to Time for copyright infringement by the deadline for dispositive motions. Plaintiff anticipates filing this motion after sufficient discovery has been completed.

Defendant's Contentions

Time anticipates filing a motion for summary judgment seeking dismissal of the lawsuit on the grounds that it has a valid license to use the Subject Photo. Time anticipates filing that motion by October 31, 2017.

### I. SETTLEMENT

The parties have not yet engaged in meaningful settlement discussions.

Plaintiff believes the parties will be well-placed to do so following a first round of initial discovery.

Time has requested that Plaintiff make an initial settlement offer, before running up attorneys' fees that are more than the value of the case.

The parties are amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

### J. COURT OR JURY TRIAL

Plaintiff has demanded a jury trial in its Complaint.

### K. TRIAL ESTIMATE

The parties estimate the trial in this matter to last between 3-4 court days.

### L. TRIAL COUNSEL

Plaintiff's Trial Counsel: Stephen M. Doniger, Scott A. Burroughs, and David Shein.

Time's Trial Counsel: Kelli L. Sager and Jonathan L. Segal.

### M. MAGISTRATE JUDGE

The parties do not stipulate to the use of a magistrate judge unless specifically required under the applicable local rules.

### N. EXPERT WITNESSES

Plaintiff has not yet determined if will utilize any expert witnesses in this action. Plaintiff will have a better sense as to whether an expert is required once it has had a chance to fully vet Time's discovery responses.

Time has not yet determined if any expert witnesses will be necessary.

O. **PROPOSED DATES**

- Trial:                                          January 23, 2018
- Pre-trial conference:                           December 18, 2017
- Last day to add claims or parties:              September 29, 2017
- Last Day to File Motions:                       November 7, 2017
- Discovery cut-off:                              November 21, 2017
- Opening Expert Disclosures:                     November 7, 2017
- Expert Rebuttal Disclosure:                     November 21, 2017
- Expert Discovery cut-off:                       December 5, 2017
- Settlement conference cut-off:                  October 24, 2017

WHEREUPON, the parties, by and through their respective attorneys of record, hereby jointly submit this Joint Report.

Dated:  June 13, 2017         By:     /s/ David Shein
                                      Stephen M. Doniger, Esq.
                                      David Shein, Esq.
                                      DONIGER /BURROUGHS
                                      Attorneys for Plaintiff
                                      Michael Grecco Productions, Inc.


Dated:  June 13, 2017         By:     /s/ Jonathan L. Segal
                                      Kelli L. Sager, Esq.
                                      Jonathan L. Segal, Esq.
                                      DAVIS WRIGHT TREMAINE LLP
                                      Attorneys for Defendant
                                      Time Inc.

- 8 -

JOINT RULE 26(f) REPORT

4821-1428-5642v.4 0024331-000064

1 | The undersigned attests that all signatories listed, and on whose behalf this
2 | filing is submitted, concur in the filing's content and have authorized the filing.

Dated:  June 13, 2017          By:     /s/ David Shein
                                       David Shein, Esq.

- 9 -

JOINT RULE 26(f) REPORT

4821-1428-5642v.4 0024331-000064